# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHIEL LEINWEBER, | CASE NO. 1:09-cv-00793-YNP PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 8) |
| TILTON, et al., | |
| Defendants. | |

Plaintiff Mikhiel J. Leinweber ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to compel the Los Angeles County State Prison to provide Plaintiff with access to his legal property and the law library. Plaintiff filed his motion on July 1, 2009. Plaintiff has consented to jurisdiction by Magistrate Judge.

Plaintiff alleges that he has been denied access to his legal property and the law library since he was transferred to Los Angeles County State Prison on June 16, 2009. Plaintiff requests that the Court compel the Los Angeles County State Prison to grant Plaintiff access to his legal property and adequate law library access.

Plaintiff requests preliminary injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

1  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
2  favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council,
3  Inc.</u>, 129 S. Ct. 365, 374 (2008).

4      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
5  granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v.
6  Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
7  party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
8  evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,
9  the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

14  18 U.S.C. § 3626(a)(2).

15      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must
16  have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983);
17  <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464,
18  471 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the Court does
19  not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>
20  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject
21  matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before
22  the court.  <u>Zepeda v. United States Immigration Service</u>, 754 F.2d 719, 727 (9th Cir. 1985).

23      Plaintiff's complaint was dismissed by the Court on December 14, 2009.  There is no
24  amended complaint before the Court, and therefore there is currently no case or controversy before
25  the Court and the Court lacks jurisdiction to grant the relief that Plaintiff requests.  Further,
26  Plaintiff's motion fails to meet the requirements for preliminary injunctive relief.  Plaintiff has not
27  presented any evidence that he is likely to succeed on the merits of his case.  Plaintiff has not
28  demonstrated that he is likely to suffer irreparable harm in the absence of a preliminary injunction.

1  An irreparable injury in this context would be prejudice Plaintiff would suffer in existing or
2  contemplated litigation, such as the failure to meet a filing deadline due to inadequate access to the
3  law library and/or his legal property.  Relevantly, the Court notes that at the time Plaintiff filed this
4  motion, there were no deadlines for Plaintiff to meet because this action was pending the Court's
5  screening of Plaintiff's complaint.  Plaintiff has not alleged why he needs access to his legal
6  property/law library and Plaintiff has not identified any other irreparable injury he would suffer if
7  the Court does not grant the relief he requests.  Finally, Plaintiff has not presented any evidence that
8  the balance of equities is in his favor or that preliminary injunctive relief would be in the public's
9  interest.

10  Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, filed on July 1,
11  2009, is DENIED.

12  IT IS SO ORDERED.

13  Dated:   **December 16, 2009**            **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE