# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MIKHIEL LEINWEBER,

                Plaintiff,

    v.

TILTON, et al.,

                Defendants.

_____/

CASE NO. 1:09-cv-00793-SKO PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS

(Doc. 11)

Plaintiff Mikhiel Leinweber ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Pleasant Valley State Prison in Coalinga, California. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Kern Valley State Prison ("KVSP"). Plaintiff is suing under Section 1983 for the violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also claims that Defendants violated Title IX of the Education Amendments of 1972 ("Title IX"). Plaintiff names Matthew Cate (secretary of CDCR), Dimmer (correctional counselor II), D. Ortiz (associate warden at KVSP), G. Lewis (deputy warden at KVSP), and Grannis (chief of inmate appeals of CDCR) as defendants. For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's amended complaint, with leave to file a second amended complaint within thirty (30) days that cures the deficiencies in his claims.

1

## I.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Background

### A.   Procedural Background

Plaintiff filed the original complaint in this action on May 4, 2009. (Doc. #1.) The Court screened Plaintiff's complaint on December 14, 2009. (Doc. #9.) The Court found that Plaintiff's complaint failed to state any cognizable claims and dismissed the complaint, with leave to file an

1 amended complaint that cured the deficiencies identified by the Court.  Plaintiff filed his first

2 amended complaint on January 5, 2010.  (Doc. #11.)  This action proceeds on Plaintiff's first

3 amended complaint.

4       **B.**      **Factual Background**

5       Plaintiff claims that his rights under the Equal Protection Clause of the Fourteenth

6 Amendment and Title IX were violated because CDCR provides greater accommodations to female

7 inmates than male inmates of the same classification level.

8       Plaintiff admits that no single institution within the California prison system houses both

9 male and female inmates.  However, Plaintiff claims that he is similarly situated to female inmates

10 of the same classification level housed in prisons whose designs are identical to Plaintiff's.  Plaintiff

11 alleges that California prisons are designed and designated as Level 1, 2, 3, or 4 institutions.

12       Plaintiff also alleges that in addition to being assigned a particular level, all inmates in the

13 California prison system are designated with a custody classification ranging from "Minimum A,"

14 "Minimum B," "Close B," and "Close A."  Plaintiff is classified as a "Close A" custody inmate.

15 Plaintiff alleges that the same levels and custody classifications are used for both male and female

16 inmates.

17       Plaintiff also alleges that California uses an identical "Level 4,270 degree design" layout for

18 many prisons.[1]  Plaintiff claims that all "Level 4, 270 degree" prisons are designed to be "in almost

19 perfect mirror image of one another."  Thus the layout for "Level 4, 270 degree" prisons that house

20 male inmates is identical to the layout for "Level 4, 270 degree" prisons that house female inmates.

21 Plaintiff concludes that as a "Level 4" inmate with a "Close A" custody classification housed in a

22 "Level 4, 270 degree" prison, he is similarly situated to all female "Level 4" and "Close A" inmates

23 that are also housed in "Level 4, 270 degree" prisons.  Plaintiff contends that there is no significant

24 distinction between these two classes of inmates other than their gender.

25

26 _____

27     [1] Plaintiff does not allege that <u>all</u> Level 4 prisons are "Level 4, 270 degree" prisons; he only alleges that California began using a the "Level 4, 270 degree" prison design in the mid-1980s.  Thus, it is unclear how many prisons are "Level 4, 270 degree" prisons or which prisons are "Level 4, 270 degree" prisons.  Plaintiff also fails to

28 identify any "Level 4, 270 degree" prisons that house women.

Plaintiff contends he is treated differently from similarly situated female inmates because male "Close A" custody inmates are not permitted to possess a "gate pass" and are therefore unable to pass through the "work change" area in the prison where they are housed.  Plaintiff contends that female "Close A" custody inmates are permitted to possess a "gate pass" and go beyond the "work change" area.  Plaintiff alleges that since the prisons where they are housed are designed in an identical manner, the "work change" areas are identical for both male institutions and female institutions if they are both "Level 4, 270 degree" prisons.  Plaintiff claims that without a gate pass, he is not permitted to access areas of the prison beyond the "work change" area.  Plaintiff also alleges that the "gate pass" "affords an inmate the opportunity to be assigned to a vocational or prison industry assignment," though it is unclear whether the gate pass gives inmates more opportunities for such assignments or whether the absence of a gate pass forecloses any chance of obtaining such assignments.

Plaintiff concludes that since male "Close A" custody inmates cannot possess a gate pass and female "Close A" custody inmates can possess the pass, he is being discriminated against on the basis of his gender in violation of the Equal Protection Clause.  Plaintiff also concludes that because female inmates of the same custody level are provided with access to educational/vocational programs that male inmates cannot access, the policy violates Title IX.

**III.   Discussion**

    **A.   Equal Protection**

Plaintiff claims that the regulations that explicitly permit female "Close A" custody inmates to enjoy the benefits of a gate pass while explicitly prohibiting male "Close A" custody inmates from possessing a gate pass violate the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  A classification based on gender is analyzed under a heightened standard of review.  City of Cleburne, 473 U.S. at 440.  Under the heightened standard of review,

4

1   a classification of gender must be substantially related to a sufficiently important governmental

2   interest. Id. at 441 (citing Mississippi University for Women v. Hogan, 458 U.S. 718 (1982); Craig

3   v. Boren, 429 U.S. 190 (1976)).

4          Plaintiff does not set forth his claims in a clear manner.  Based on Plaintiff's allegations, the

5   Court recognizes two possible theories behind Plaintiff's claim: 1) Defendants directly discriminated

6   against Plaintiff in violation of the Equal Protection Clause, or 2)  the relevant California regulations

7   are facially discriminatory and unconstitutional.

8          **1.      Plaintiff's Factual Allegations are Insufficient to Establish Any**
            **Differential Treatment**

9

10         Plaintiff claims that male "Close A" custody inmates and female "Close A" custody inmates

11  pose the same or similar custody concerns and there is no legitimate reason to treat the two classes

12  of inmates differently.  Plaintiff even goes as far as claiming that female inmates "are per capita more

13  violent than male prisoners" and that, if anything, female inmates should have to endure more

14  restrictive conditions of confinement.  (Am. Compl. 9.)

15         Plaintiff's factual allegations appear to be based entirely on speculation.  There are several

16  facts that are notably absent from Plaintiff's complaint.  First, Plaintiff concludes that a similarly

17  situated class of "Close A" custody female exists based on the allegation that "All Level 4, 270

18  prisons are designed in almost perfect mirror image of one another."  (Am. Compl. 6, ECF No. 11.)

19  Notably, Plaintiff has not identified a single specific female prison that is a "Level 4, 270 degree

20  design" facility.  Thus, Plaintiff's equal protection and Title IX claims appear to be based on the

21  speculation that if a female "Level 4, 270 degree design" facility exists, the female inhabitants would

22  be housed in exactly the same conditions as Plaintiff.  The Court will not permit Plaintiff to proceed

23  on hypothetical equal protection and Title IX claims.  To proceed in this litigation, Plaintiff must

24  identify a similarly situated class of female inmates that actually exists by identifying the specific

25  female prison that is designed exactly the same as KVSP.

26         Further, Plaintiff has not indicated  he is aware of any female "Close A" custody inmates that

27  possess gate passes and are allowed to access areas beyond the work change area.  Plaintiff does not

28  allege who these female inmates are, where they are incarcerated, or to what vocational programs

they have access.  Plaintiff attempts to proceed on the theory that <u>if</u> a "Level 4, 270 degree design" facility for women exists, and <u>if</u> female "Close A" inmates are given gate passes at that institution, and <u>if</u> the gate passes provide those female inmates with access to vocational programs not offered to male inmates at KVSP, then there is a violation of the Equal Protection Clause.  In sum, there are too many "ifs" in Plaintiff's complaint to support a plausible claim for relief.  To state a cognizable claim for relief, Plaintiff must identify a specific prison where female inmates of the same custody level are housed and identify specific vocational programs and benefits that were provided to those female inmates that were not provided to Plaintiff.

Further, it is unclear how the individual defendants who work at KVSP can be held liable for intentional discrimination if, by Plaintiff's own admission, they only supervise male inmates. Defendants Dimmer, Ortiz, and Lewis work at KVSP – an institution that only houses male inmates. Thus, Dimmer, Ortiz and Lewis only interact with male inmates and do not interact with female inmates.  Their actions cannot be characterized as intentionally discriminatory.  Even if Dimmer, Ortiz, and Lewis refused to provide any male inmates with gate passes, there can be no cause of action for discrimination if there is no allegation that they provided female inmates with gate passes. Plaintiff fails to explain how a prison official can be held liable for providing different treatment to male and female inmates if they do not interact with each other.

### 2.   The California Prison Regulations Are Not Facially Unconstitutional

Plaintiff also appears to contend that the California regulations governing "Close A" inmates are facially discriminatory against male inmates.

The two regulations in question are Title 15, Section 3377.1(a)(2)(B) and Section 3377.1(a)(3)(B) of the California Code of Regulations.  Section 3377.1(a)(2)(B) governs "Close A Custody Male Inmates":

> Close A Custody inmates shall be permitted to participate in program assignments and activities scheduled within the hours of 0600 hours to 1800 hours unless hours are extended by the Warden to no later than 2000 hours when it is determined that visibility is not compromised in areas located within the facility security perimeter. Bases for the extended hours include operational necessity, daylight savings time, or availability of high mast lighting. Close A Custody inmates are not permitted beyond the work change area.

1   Cal. Code Regs. tit. 15, § 3377.1(a)(2)(B) (2010).   Section 3377.1(a)(3)(B) governs "Close A

2   Custody Female Inmates":

> Close A Custody female inmates shall be permitted to participate in
> program assignments and activities scheduled within the hours of
> 0600 hours to 1800 hours unless hours are extended by the Warden
> to no later than 2000 hours when it is determined that visibility is not
> compromised in areas located within the facility security perimeter
> and the work change area. Bases for the extended hours include
> operational necessity, daylight savings time, or availability of high
> mast lighting.

8   Cal. Code Regs. tit. 15, § 3377.1(a)(3)(B) (2010).

9       It appears that Plaintiff's complaint is derived from the fact that Section 3377.1(a)(2)(B)

10  contains explicit language prohibiting "Close A Custody" inmates from going beyond the work

11  change area.  However, nothing in the regulations explicitly permit <u>female</u> "Close A Custody" from

12  going beyond the work change area, though the Court acknowledges that Section 3377.1(a)(3)(B)

13  contains language concerning the visibility in the work change area in the evening hours.  The

14  language in Section 3377.1(a)(2)(B) ("Close A Custody inmates are not permitted beyond the work

15  change area") could be interpreted to apply to both male and female inmates, as it does not contain

16  explicitly refer to either gender.  Plaintiff's interpretation is based on the fact that it is found in the

17  section dealing with male inmates.

18      Nothing in Section 3377.1(a)(3)(B) explicitly permits female inmates from going beyond the

19  work change area.  Thus, it is unclear whether the textual differences between the two regulations

20  were borne from intentional discrimination or mere legislative oversight.  Although it is <u>possible</u> that

21  the regulations could be implemented in an unconstitutional manner, it is also possible that the

22  regulations are not discriminatory and both male and female inmates are not permitted beyond the

23  work change area.  In the absence of any factual allegations that support the conclusion that the

24  regulations were actually being implemented in an unconstitutional manner, the Court will not

25  permit Plaintiff to proceed on his claims.  See <u>N.L.R.B. v. Jones & Laughlin Steel Corp.</u>, 301 U.S.

26  1, 30 (1937) ("as between two possible interpretations of a statute, by one of which it would be

27  unconstitutional and by the other valid, our plain duty is to adopt that which will save the act.");

28  <u>Flores-Chavez v. Ashcroft</u>, 362 F.3d 1150, 1162 (9th Cir. 2004) (regulations must be construed, if

fairly possible, so as to avoid the conclusion that they are unconstitutional). As noted previously, Plaintiff has presented no concrete facts demonstrating that any CDCR official implemented the regulations in a manner that permitted female inmates from going beyond the work change area. Given the facts alleged, the Court concludes that Plaintiff has failed to state a cognizable facial challenge to the regulations.

**B.** **Title IX**

Plaintiff also claims that the regulations violate Title IX. Section 901(a) of Title IX provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). The Supreme Court has recognized an implied private right of action for the enforcement of Title IX. Fitzgerald v. Barnstable School Committee, 129 S. Ct. 788, 795 (2009) (citing Cannon v. University of Chicago, 441 U.S. 677, 717 (1979)). "In a suit brought pursuant to this private right, both injunctive relief and damages are available." Id. (citing Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 76 (1992)). "[S]tate prisons receiving federal funds must comply with the regulations applicable to Title IX." Jeldness v. Pearce, 30 F.3d 1220, 1226 (9th Cir. 1994).

The Court finds that Plaintiff fails to state a claim for a violation of Title IX for the same reasons Plaintiff fails to state an equal protection claim. Plaintiff fails to allege any concrete facts to demonstrate Plaintiff was denied equal educational opportunities when compared to similarly situated female inmates. Plaintiff cannot state a claim under Title IX if he cannot identify specific educational opportunities that were actually offered to women but not to men.

Further, the Court notes that none of the individuals named as Defendants are proper defendants in a Title IX lawsuit. "Title IX reaches institutions and programs that receive federal funds . . . it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." Fitzgerald v. Barnstable School Committee, 129 S. Ct. 788, 796 (2009) (internal citations omitted). Plaintiff has not named any institutions or programs as defendants. Plaintiff's Title IX claims are not cognizable against the individuals named in this action.

8

1    **IV.    Conclusion and Order**

2        The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

3    which relief may be granted under Section 1983 or Title IX.  The Court will provide Plaintiff with

4    the opportunity to file an amended complaint curing the deficiencies identified by the court in this

5    order.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that

6    leave to amend should be granted even if no request to amend was made unless the court determines

7    that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809

8    F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint

9    unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

10   Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his

11   amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

12       If Plaintiff elects to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

13   Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

14   constitutional or other federal rights.  "The inquiry into causation must be individualized and focus

15   on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

16   to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

17   With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

18   10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

19   words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

20   complaint because at this stage Plaintiff's factual allegations will be accepted as true.

21       However, although Plaintiff's factual allegations will be accepted as true and that "the

22   pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint

23   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

24   its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly,

25   550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

26   that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

27   alleged."  Id. (citing Twombly, 550 U.S. at 556).

28

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    September 7, 2010**                    /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE